Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | REBECCA R. PALLMEYER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 10334 | **DATE** | January 2, 2013 |
| **CASE TITLE** | Cortez L. Moore (#2011-0118127) vs. Advocate Christ Medical Center | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted, but the court dismisses this case pursuant to 28 U.S.C. § 1915A for failure to state a federal claim. The case is terminated. Dismissal is without prejudice to filing suit in state court (assuming Plaintiff believes he has a timely cause of action sounding in state tort law). The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to make deductions from Plaintiff's account and payments to the Clerk of Court as stated herein. The Clerk is directed to mail a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. This is one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ **[For further details see text below.]**                                                              **Docketing to mail notices.**

## STATEMENT

    Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action purportedly pursuant to 42 U.S.C. § 1983. Plaintiff claims that he received inadequate medical care at the Advocate Christ Medical Center, an area hospital.

    The court finds that Plaintiff is unable to prepay the filing fee. The court accordingly grants Plaintiff's motion for leave to proceed *in forma pauperis* and assesses an initial partial filing fee of $1.90 pursuant to 28 U.S.C. §1915(b)(1). The trust officer at Plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. Thereafter, the trust fund officer at the correctional facility where Plaintiff is confined is directed to collect monthly payments from Plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the account balance exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. This payment obligation will follow Plaintiff in the event of his transfer to another correctional facility.

**(CONTINUED)**

mjm

Under 28 U.S.C. § 1915A, the court is required to dismiss a prisoner suit at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the court finds that the complaint fails to state a federal claim as a matter of law. Plaintiff has alleged that on December 24, 2010, he was shot in the stomach and taken to the Advocate Christ Medical Center for treatment. The following day, though Plaintiff was unable to walk, the hospital released him, providing a wheelchair only for transport out of the hospital. Although Plaintiff told his physician that he was in pain and non-ambulatory, the hospital failed to provide him with crutches or physical therapy.

The court discerns no tenable federal cause of action on the basis of these allegations. In order to be liable under 42 U.S.C. § 1983, a defendant must have both (a) acted under color of state law and (b) violated a constitutional right. *See, e.g., Parker v. Franklin County Community School Corp.*, 667 F.3d 910, 925 (7th Cir. 2012). Defendant in this case is a private hospital, and not a state actor. *See, e.g., Shelton v. Bump*, 118 Fed. Appx. 69, 71 (7th Cir. 2004) ("to establish § 1983 liability on a conspiracy theory, [Plaintiff] must demonstrate that the **private party** A[dvocate] C[hrist] M[edical] C[enter] defendants reached an understanding with state officials to deprive her of her constitutional rights") (emphasis added, citation omitted). Furthermore, Plaintiff has alleged no violation of his constitutional rights. Nor do his allegations suggest any alternative basis for federal jurisdiction, such as the implication of another federal statute or diversity of citizenship between the parties. If Plaintiff wishes to sue Advocate Christ Medical Center for negligence, medical malpractice, or any other state tort, he must do so in state court. *See, e.g., Turner v. Jackson Park Hosp.*, 264 Fed. Appx. 527, 529-30 (7th Cir. 2008) (affirming dismissal of federal claims asserted against a private hospital and private individuals under various legal theories).

Plaintiff is advised to conduct some basic legal research prior to re-filing suit in state court. In Illinois, the statute of limitations for medical malpractice actions is two years. *See* 735 ILCS § 5/13-212. Illinois law does not toll the statute of limitations for prisoners. *Schweihs Burdick*, 96 F.3d 917, 919 (7th Cir. 1996); *Turner-El v. Davis*, No. 10 C 5188, 2010 WL 3526379, *1, n.1 (N.D. Ill. Aug. 30, 2010) (Norgle, J.).

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted in federal court. Dismissal is without prejudice to filing suit in state court (assuming Plaintiff can assert a timely cause of action there). Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(4). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike."